## HARTLEY v
## MODEL DAIRY PRODUCTS CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2753. Decided July 1, 1937

'P. W. Tetlow, Columbus, and W. E. Mc-Kinley, Columbus, for plaintiff-appellee.

J. E. Bowman, Springfield, and A J. Worsham, Columbus, for defendants-appellants.

## OPINION.

By BARNES, PJ.

The above entitled cause is now being determined on an appeal on questions of law of the Model Dairy Products Company from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The plaintiff, Kensey Hartley, between July and about September 8, 1934, was working for the defendant Model Dairy Products Company. His original employment up until about August 25th was that of a solicitor. Thereafter for a period of about two weeks he did inside work.

The defendant. Model Dairy Products Company during the period involved in the action employed three or more workmen or operators regularly in their said business; but they had not complied with the Workmen's Compensation Law of Ohio, and had failed to contribute to the State Insurance Fund or to qualify as a self-insurer under said act.

Plaintiff, in his petition, makes the claim that on ,or about September 1, while in

the employ of the defendant company and while in the course of his regular employment, he suffered an injury to his eyes as a result of fumes and dust arising from calcium chloride which he was pouring into tanks in preparing the brine for the cooling system. Plaintiff made his application to the Industrial Commission about one year later. The claim being denied, application for rehearing was made and again the Industrial Commission denied the claim on the ground that the injury, if any, was not incurred in the course of employment. An appeal was then taken to the Court of Common Pleas, and upon trial in that court judgment was returned in favor of the plaintiff. From this judgment defendant filed its appeal on questions of law.

The following are the assignments of error:

"First: The verdict of the jury is against the manifest weight of the evidence.

"Second: The court erred in the admission of evidence to which objection was duly made and exceptions saved.

"Third: The court erred in overruling appellants' motion to direct a verdict at the conclusion of all the evidence.

"Fourth: The court erred in overruling appellants' motion for a new trial."

We first consider the claimed error in the admission of evidence.

Dr. L. H. Mann was called as a witness for the plaintiff. Dr. Mann was the attending physician of the plaintiff in the treatment of his eyes. The Doctor stated that the plaintiff came under his care on or about the fourth day of September, 1934, or three days following the claimed injury. The examination and treatment were made at the office of Dr. Mann. He said he found pain and inflammation in the eyes. He was then inquired of as to whether or not he obtained a history from the plaintiff as to the origin of this condition. The Doctor started to answer the question by narrating what the plaintiff had told him. Counsel for defendant interposed an objection to the witness telling what plaintiff had told him. The objection was overruled. The Doctor then gave the following answer: "The history he gave me was that while using some chemicals in cleaning the .can or vials, some of the cleaner, the fumes and dust got. in his eyes, that they began to smart."

The rule of law is well settled that declarations of the injured person may not

be presented in evidence unless such declarations are a part of the res gestae.

We had under consideration this question in the unreported case of **Miles v Industrial Comm.**, No. 2723, Franklin Co. (23 Abs 456) the decision being released November 14, 1936. In the cited case the judgment was reversed and remanded for new trial on the ground that the trial court had improperly admitted statements of the decedent, which statements were not part of the res gestae. The following decisions of the Supreme Court were cited:

**Cleveland R. R. Co. v Merk, 124 Oh St 596;**

**Weaver v Industrial Commission of Ohio, 125 Oh St 465;**

**Coutillier et v Industrial Commission of Ohio, 126 Oh St 546.**

In the cited case decided by our court and also in the three cited cases from the Supreme Court, the injured party was deceased, and the evidence through the declaration was the only evidence presented as to the cause of the claimed injury. In the instant case the plaintiff had given evidence in detail as to the time and place and the surrounding circumstances attending his claimed injury.

The attending physician may testify as to the history of the case which he obtains from the injured person as it aids him in diagnosis and treatment. Beyond this the attending physician may not testify unless it is part of the res gestae. We are unable to say that the history given to the attending physician would not come within the above rule, although very close to the borderline.

There might also arise the query as to whether or not this evidence would be admissible as meeting the inuendos which might arise by reason of plaintiff's delay of practically one year before presenting his claim. We do not deem it necessary to pass on this question at this time. Even if the admission of this evidence was erroneous, we do not think it was prejudicial. §11364 GC requires reviewing courts to disregard errors in the proceeding which do not affect substantial rights of the parties.

The sole and only remaining question to be considered is the weight of the evidence. The record is short and we have examined it very carefully. Only four witnesses were examined, two for the plaintiff and two for the defendant. The plaintiff's witness besides himself was Dr. Mann, and none other. Both of the defendants' witnesses were individuals connected with the defendant company.

Counsel for appellants argue at great length as to the unfamiliarity of Dr. Mann with the chemical which plaintiff claims he was using at the time of his injury. We are asked to take judicial notice of the fact that the chemical was harmless. Defendant presented no witness to that effect. We are familiar with the rule that courts will take notice of whatever is generally known within the limits of their jurisdiction and that this rule extends to scientific facts which may be ascertained by reference to standard dictionaries. This rule can not be given application in the instant case.

It is our conclusion that plaintiff having presented some evidence on all of the requisite facts, a jury question was presented and the trial court very properly overruled the motion for a directed verdict. Furthermore, we think the record as a whole will sustain the verdict of the jury.

The judgment of the trial court will be sustained and defendants' appeal dismissed at his costs. The cause will be remanded for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.